Charles H. Carpenter
Carpenter Law Firm plc
210 N. Higgins Avenue Suite 336
Missoula, Montana 59802
(406) 543-0511
carpentc@carpenterlawfirmplc.com

Attorney for Equifax Information Services, LLC


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KEVIN LYLE THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:14-cv-00013-SEH |
| | ) |
| EQUIFAX INFORMATION SERVICES | )   DEFENDANT'S |
| LLC; TRANS UNION LLC; EXPERIAN | ) <u>ANSWER AND DEFENSES</u> |
| INFORMATION SOLUTIONS INC.; | )     <u>TO PLAINTIFF'S</u> |
| BLUESTEM BRANDS INC.; | )       <u>COMPLAINT</u> |
| WEBBANK; META FINANCIAL | ) |
| GROUP INC.; AND MAIN STREET | ) |
| ACQUISITION CORP., | ) |
| | ) |
| Defendants. | ) |

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged

1

conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits the allegations in Paragraph 1.

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies those allegations.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies those allegations.

4. Equifax admits the allegations in Paragraph 4.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those allegations.

7.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies those allegations.

8.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies those allegations.

9.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies those allegations.

10. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those allegations.

11. Equifax admits the allegations in Paragraph 11.

12. Equifax states that the statutory provision described in Paragraph 12 speaks for itself.

13. Equifax states that the statutory provision described in Paragraph 13 speaks for itself.

14. Equifax states that the statutory provision described in Paragraph 14 speaks for itself.

15. Equifax states that the statutory provision described in Paragraph 15 speaks for itself.

16. Equifax admits that it received dispute letters from Plaintiff. Equifax denies the remaining allegations in Paragraph 16.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies those allegations.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies those allegations.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies those allegations.

20. Equifax admits that Plaintiff disputed information provided by Fingerhut. Equifax is without knowledge or information at this time sufficient to form a belief as to the true of the remaining allegations in Paragraph 20 and, therefore, denies those allegations.

21. Equifax admits that Plaintiff disputed information provided by WebBank. Equifax is without knowledge or information at this time sufficient to form a belief as to the true of the remaining allegations in Paragraph 21 and, therefore, denies those allegations.

22. Equifax admits that Plaintiff disputed information provided by MetaBank. Equifax is without knowledge or information at this time sufficient to

form a belief as to the true of the remaining allegations in Paragraph 22 and, therefore, denies those allegations.

23. Equifax admits that Plaintiff disputed information provided by Main Street. Equifax is without knowledge or information at this time sufficient to form a belief as to the true of the remaining allegations in Paragraph 23 and, therefore, denies those allegations.

24. Equifax restates and incorporates its responses to Paragraphs 1 through 23 as if fully set forth herein.

25. Equifax denies the allegations in Paragraph 25.

26. Equifax denies the allegations in Paragraph 26.

27. Equifax denies that Plaintiff is entitled to attorney fees.

28. Equifax restates and incorporates its responses to Paragraphs 1 through 27 as if fully set forth herein.

29. Equifax denies the allegations in Paragraph 29.

30. Equifax denies the allegations in Paragraph 30.

31. Equifax denies that Plaintiff is entitled to attorney fees.

32. Equifax restates and incorporates its responses to Paragraphs 1 through 31 as if fully set forth herein.

33. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies those allegations.

34. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies those allegations.

35. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies those allegations.

36. Equifax restates and incorporates its responses to Paragraphs 1 through 35 as if fully set forth herein.

37. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies those allegations.

38. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies those allegations.

39. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies those allegations.

40. Equifax restates and incorporates its responses to Paragraphs 1 through 39 as if fully set forth herein.

41. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies those allegations.

42. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies those allegations.

43. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies those allegations.

44. Equifax restates and incorporates its responses to Paragraphs 1 through 43 as if fully set forth herein.

45. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies those allegations.

46. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, therefore, denies those allegations.

47. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies those allegations.

48. Equifax restates and incorporates its responses to Paragraphs 1 through 47 as if fully set forth herein.

49. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies those allegations.

50. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies those allegations.

51. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies those allegations.

52. Equifax restates and incorporates its responses to Paragraphs 1 through 51 as if fully set forth herein.

53. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies those allegations.

54. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, therefore, denies those allegations.

55. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, denies those allegations.

56. Equifax restates and incorporates its responses to Paragraphs 1 through 55 as if fully set forth herein.

57. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, denies those allegations.

58. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, denies those allegations.

59. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies those allegations.

60. Equifax restates and incorporates its responses to Paragraphs 1 through 59 as if fully set forth herein.

61. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, denies those allegations.

62. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, denies those allegations.

63. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, denies those allegations.

64. Equifax restates and incorporates its responses to Paragraphs 1 through 63 as if fully set forth herein.

65. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, denies those allegations.

66. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, denies those allegations.

67. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies those allegations.

68. Equifax restates and incorporates its responses to Paragraphs 1 through 67 as if fully set forth herein.

69. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, denies those allegations.

70. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, denies those allegations.

71. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, denies those allegations.

72. Equifax restates and incorporates its responses to Paragraphs 1 through 71 as if fully set forth herein.

73. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, denies those allegations.

74. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, denies those allegations.

75. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies those allegations.

76. Equifax restates and incorporates its responses to Paragraphs 1 through 75 as if fully set forth herein.

77. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, denies those allegations.

78. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, denies those allegations.

79. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, therefore, denies those allegations.

Equifax denies that the Plaintiff is entitled to any relief claimed in his Complaint.

Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

### **DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

### **First Defense**

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

## Second Defense

At all pertinent times, Equifax maintained reasonable procedures to ensure maximum possible accuracy in its credit reports.

## Third Defense

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## Fourth Defense

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## Fifth Defense

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same.  Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

## Sixth Defense

Plaintiff cannot meet the requirements of 15 U.S.C. §1681n in order to recover punitive or statutory damages.

## Seventh Defense

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme

Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); and *Safeco Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007).

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) it be dismissed as a party to this action;

(3) it receive a trial by jury for all issues so triable; and

(4) it recover such other and additional relief, as the Court deems just and appropriate.

This 23rd day of April, 2014.

                                              Respectfully submitted,

                                              /s/ Charles H. Carpenter
                                              Charles H. Carpenter
                                              Carpenter Law Firm plc
                                              210 N. Higgins Ave Suite 336
                                              Missoula MT 59802
                                              (406) 543-0511 (voice)
                                              (406) 214-9540 (mobile)
                                              carpentc@carpenterlawfirmplc.com
                                              *Attorney for Defendant Equifax Information Services LLC*

# CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed a true and correct copy of the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Jessie Lea Lundberg<br>LUNDBERG LAW OFFICE, PLLC<br>415 N. Higgins Ave<br>Missoula, MT 59802<br>406-478-5297<br>Fax: 406-545-2059<br>Email: jessie@lundberglawyer.com<br>*Attorney for Plaintiff* | Daniel J. Auerbach<br>Sara S. Berg<br>BROWNING KALECZYC BERRY & HOVEN<br>800 N. Last Chance Gulch, Suite 101<br>PO Box 1697<br>Helena, MT 59624-1697<br>406-443-6820<br>Fax: 406-443-6882<br>Email: sara@bkbh.com<br>*Attorneys for Trans Union LLC* |
| Robert S. Sola<br>ROBERT S. SOLA, P.C.<br>8835 SW Canyon Lane<br>Suite 130<br>Portland, OR 97225<br>503-295-6880<br>Fax: 503-291-9172<br>*Attorney for Plaintiff* | Scott Edwin Brady<br>SCHUCKIT & ASSOCIATES, P.C.<br>4545 Northwestern Drive<br>Zionsville, IN 46077<br>317-363-2400<br>Fax: 317-363-2257<br>Email: sbrady@schuckitlaw.com<br>*Attorney for Defendant Trans Union LLC* |

Dated: April 23, 2014.

/s/ Charles H. Carpenter
Charles H. Carpenter