Jessica T. Fehr
MOULTON BELLINGHAM PC
Suite 1900, Crowne Plaza
P. O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Fax: (406) 248-7889
Email: Jessica.Fehr@moultonbellingham.com

Attorney for Defendants Bluestem Brands, Inc., WebBank, and Meta Financial Group, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

_____

KEVIN THOMAS,

        Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; BLUESTEM BRANDS, INC., WEBBANK; META FINANCIAL GROUP, INC.; AND MAIN STREET ACQUISITION CORP.,

        Defendants.

Case No. 2:14-cv-00013-SEH

**BLUESTEM BRANDS, INC.'S ANSWER TO COMPLAINT**

_____

Defendant Bluestem Brands, Inc. ("Bluestem") answers Plaintiff's Complaint as follows:

Except as expressly admitted or qualified below, Bluestem denies each and every allegation of the Complaint.

## VENUE AND JURISDICTION

1. With respect to the allegations in paragraph 1 of the Complaint, Bluestem admits jurisdiction is appropriate in this Court.

2. With respect to the allegations in paragraph 2 of the Complaint, Bluestem admits venue in this District is appropriate.

## PARTIES

3. Bluestem admits on information and belief that Plaintiff is a natural person residing in Butte, Silver Bow County, Montana. The allegation that Plaintiff is a consumer states a legal conclusion to which no response is necessary. To the extent a response is required, Bluestem denies the allegation and any remaining allegations in paragraph 3 of the Complaint.

4. Because the allegations in paragraph 4 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

5. Because the allegations in paragraph 5 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

6.      Because the allegations in paragraph 6 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

7.      With respect to the allegations in paragraph 7 of the Complaint, Bluestem admits that Bluestem Brands, Inc. is a Delaware corporation with its principal place of business in Minnesota. Bluestem denies that Bluestem does business as "Fingerhut." Bluestem denies the allegation that Fingerhut or Bluestem conduct substantial business in Montana. The allegation that Fingerhut is a person who furnishes information to consumer reporting agencies states a legal conclusion to which no response is necessary. To the extent a response is required, Bluestem admits the allegation. Bluestem denies any remaining allegations in paragraph 7.

8.      Because the allegations in paragraph 8 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

9.      Because the allegations in paragraph 9 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

10.     Because the allegations in paragraph 10 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## FACTUAL ALLEGATIONS

11. The allegations in paragraph 11 of the Complaint assert a legal conclusion to which no response is necessary. To the extent a response is required, Bluestem admits that it is required to comply with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. To the extent that paragraph 11 alleges that Bluestem did not comply with the FCRA, Bluestem denies the allegations.

12. The allegations in paragraph 12 of the Complaint assert a legal conclusion to which no response is necessary. To the extent a response is required, Bluestem admits that 15 U.S.C. § 1681e(b) speaks for itself, and denies the allegations to the extent they are inconsistent with or contrary to section 1681e(b) or another provision of the FCRA.

13. The allegations in paragraph 13 of the Complaint assert a legal conclusion to which no response is necessary. To the extent a response is required, Bluestem admits that 15 U.S.C. § 1681i(a) speaks for itself, and denies the allegations to the extent they are inconsistent with or contrary to section 1681i(a) or another provision of the FCRA.

14. The allegations in paragraph 14 of the Complaint assert a legal conclusion to which no response is necessary. To the extent a response is required, Bluestem admits that 15 U.S.C. § 1681g speaks for itself, and denies the allegations to the extent they are inconsistent with or contrary to section 1681g or another provision of the FCRA.

15. The allegations in paragraph 15 of the Complaint assert a legal conclusion to which no response is necessary. To the extent a response is required, Bluestem admits that 15 U.S.C. § 1681s-2(b) speaks for itself, and denies the allegations to the extent they

are inconsistent with or contrary to section 1681s-2(b) or any other provision of the FCRA.

16. Because the allegations in paragraph 16 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

17. Because the allegations in paragraph 17 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

18. Because the allegations in paragraph 18 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

19. Bluestem continues to research the allegations in paragraph 19 of the Complaint and therefore currently denies them.

20. Bluestem denies paragraph 20 of the Complaint.

21. Because the allegations in paragraph 21 of the Complaint concern other defendants, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

22. Because the allegations in paragraph 22 of the Complaint concern other defendants, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

23. Because the allegations in paragraph 23 of the Complaint concern other defendants, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

## COUNT ONE (against Equifax)

24. Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint.

25. Because the allegations in paragraph 25 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

26. Because the allegations in paragraph 26 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

27. With respect to the allegations in paragraph 27 of the Complaint, Bluestem admits only that Plaintiff requests attorney fees.

## COUNT TWO (against Equifax)

28. Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint.

29. Because the allegations in paragraph 29 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

30. Because the allegations in paragraph 30 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

31. With respect to the allegations in paragraph 31 of the Complaint, Bluestem admits only that Plaintiff requests attorney fees.

## COUNT THREE (against Trans Union)

32. Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint.

33. Because the allegations in paragraph 33 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

34. Because the allegations in paragraph 34 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

35. With respect to the allegations in paragraph 35 of the Complaint, Bluestem admits only that Plaintiff requests attorney fees.

## COUNT FOUR (against Trans Union)

36. Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint.

37. Because the allegations in paragraph 37 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

38. Because the allegations in paragraph 38 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

39. With respect to the allegations in paragraph 39 of the Complaint, Bluestem admits only that Plaintiff requests attorney fees.

## COUNT FIVE (against Experian)

40. Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint.

41. Because the allegations in paragraph 41 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

42. Because the allegations in paragraph 42 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

43. With respect to the allegations in paragraph 43 of the Complaint, Bluestem admits only that Plaintiff requests attorney fees.

## COUNT SIX (against Experian)

44. Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint.

45. Because the allegations in paragraph 45 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

46. Because the allegations in paragraph 46 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

47. With respect to the allegations in paragraph 47 of the Complaint, Bluestem admits only that Plaintiff requests attorney fees.

## COUNT SEVEN (against Fingerhut (Bluestem))

48. Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint.

49. Bluestem denies paragraph 49 of the Complaint.

50. Bluestem denies paragraph 50 of the Complaint.

51. With respect to the allegations in paragraph 51 of the Complaint, Bluestem admits only that Plaintiff requests attorney fees. Bluestem denies the allegations to the extent they allege that Plaintiff is entitled to attorney fees or that Bluestem violated the law.

## COUNT EIGHT (against Fingerhut (Bluestem))

52. Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint.

53. Bluestem denies paragraph 53 of the Complaint.

54. Bluestem denies paragraph 54 of the Complaint.

55. With respect to the allegations in paragraph 55 of the Complaint, Bluestem admits only that Plaintiff requests attorney fees. Bluestem denies the allegations to the

extent they allege that Plaintiff is entitled to attorney fees or that Bluestem violated the law.

## COUNT NINE (against WebBank)

56. Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint.

57. Because the allegations in paragraph 57 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

58. Because the allegations in paragraph 58 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

59. With respect to the allegations in paragraph 59 of the Complaint, Bluestem admits only that Plaintiff requests attorney fees.

## COUNT TEN (against WebBank)

60. Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint.

61. Because the allegations in paragraph 61 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

62. Because the allegations in paragraph 62 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

63. With respect to the allegations in paragraph 63 of the Complaint, Bluestem admits only that Plaintiff requests attorney fees.

## COUNT ELEVEN (against MetaBank)

64. Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint.

65. Because the allegations in paragraph 65 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

66. Because the allegations in paragraph 66 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

67. With respect to the allegations in paragraph 67 of the Complaint, Bluestem admits only that Plaintiff requests attorney fees.

## COUNT TWELVE (against MetaBank)

68. Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint.

69. Because the allegations in paragraph 69 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

70. Because the allegations in paragraph 70 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

71. With respect to the allegations in paragraph 71 of the Complaint, Bluestem admits only that Plaintiff requests attorney fees.

## COUNT THIRTEEN (against Main Street)

72. Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint.

73. Because the allegations in paragraph 73 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

74. Because the allegations in paragraph 74 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

75. With respect to the allegations in paragraph 75 of the Complaint, Bluestem admits only that Plaintiff requests attorney fees.

## COUNT FOURTEEN (against Main Street)

76. Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint.

77. Because the allegations in paragraph 77 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

78. Because the allegations in paragraph 78 of the Complaint concern another defendant, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

79. With respect to the allegations in paragraph 79 of the Complaint, Bluestem admits only that Plaintiff requests attorney fees.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff has failed to mitigate his damages, if any.

3. Plaintiff's damages, if any, were caused by the actions or inactions of third parties or intervening causes over which Bluestem has no control.

4. Bluestem acted at all times in compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

5. Bluestem acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by them at the time they so acted.

6. Plaintiff's claims are barred, in whole or in part, by estoppel.

7. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

8. Plaintiff is not entitled to attorney fees.

9. As a result of this litigation, Bluestem was required to retain the undersigned counsel, to whom they are obligated to pay a reasonable fee, for which Bluestem is entitled to recovery pursuant to 15 U.S.C. §§ 1681n(c), 1681o(b)

10. Bluestem reserves the right to assert additional affirmative defenses as they become apparent through the course of discovery.

**WHEREFORE**, Bluestem respectfully request that this Court:

      a.      Dismiss all of Plaintiff's claims against Bluestem on the merits and with prejudice;

      b.      Award Bluestem all costs, disbursements, and reasonable attorneys' fees allowed by law; and

      c.      Grant Bluestem any other relief as the Court deems just and equitable.

**BLUESTEM BRANDS, INC. DEMANDS A JURY TRIAL.**

Dated this 2nd day of May, 2014.

                                  MOULTON BELLINGHAM PC

                                  <u>/s/ Jessica T. Fehr</u>
                                  JESSICA T. FEHR
                                  Suite 1900, Crowne Plaza
                                  PO Box 2559
                                  Billings, MT 59103-2559
                                  Attorney for Defendant
                                  Bluestem Brands, Inc.

4851-8423-1962, v. 1